## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     *Plaintiff,*

  vs.

TERRI SETTLE,

     *Defendant.*

Case No. 21-10074-02

## MEMORANDUM AND ORDER

The United States has charged Defendant Terri Settle with making a false statement in violation of 42 U.S.C. § 7413(c)(3), a provision of the Clean Air Act.[1]  The matter is before the Court on Defendant's motion to strike surplusage from the Indictment.  The parties presented argument on the motion at a hearing before the Court on April 12, 2022.  For the reasons explained below, the Court grants in part and denies in part Defendant's motion.

### I.     Factual and Procedural Background

From 1998 to 2020, Defendant was the Director of Human Resources and Environmental Coordinator at Airosol Company, Inc., a manufacturer of chemical aerosol and liquid products in Neodesha, Kansas.  The Indictment alleges that on October 3, 2016, Settle submitted a Risk

---

[1] 42 U.S.C. § 7401 *et seq.*

Management Program ("RMP") to the EPA which falsely stated that various environmental regulatory requirements had been met.

On November 22, 2016, approximately seven weeks later, the Airosol plant experienced an extensive fire, which led to subsequent investigations by the Occupational Safety and Health Administration ("OSHA") and the EPA.

Defendant's motion seeks to strike two provisions in the Indictment, which allege:

> 3. On or about November 22, 2016, two AIROSOL employees were transferring an excess of product containing over 80% pentane from one tote to another in the flammable drum storage area adjacent to the mixing room. During this process, vapors from the product filled the storage area with fumes. To dissipate those fumes, an employee switched on a large electric fan as was common practice at AIROSOL. Electricity from the fan switch ignited the vapors and flames shot from the fan toward the pentane based product in the two totes. The resulting fire spread quickly through the facility and took approximately nine hours to bring under control. One employee was hospitalized due to burns.

> 4. The fan used by AIROSOL employees in the flammable drum storage area on or about November 22, 2016, was not designed for use in an environment where explosive fumes could gather. AIROSOL had not compiled required process safety information for its mixing or transfer process, nor had it conducted a process hazard analysis that would have revealed such dangers.

## II.    Legal Standard

Fed. R. Crim. P. 7(d) allows district courts to "strike surplusage from the indictment or information." The advisory committee's note to Rule 7(d) elaborates that this rule is designed to provide "a means of protecting the defendant against immaterial or irrelevant allegations in an indictment . . . which may . . . be prejudicial." Under this rule, surplus information means "allegations which are both independent of and unnecessary to the offense on which a conviction ultimately rests."[2] Rule 7(d) presents "a high standard because the truthfulness of any particular

---

[2] *United States v. Brooks*, 438 F.3d 1231, 1237 (10th Cir. 2006).

factual allegation in an indictment should be decided by a jury rather than the court."[3]   The Court may deny a motion to strike an allegation which touches on a defendant's intent or knowledge without prejudice, awaiting evidence adduced at trial.[4]   The decision to strike surplusage is committed to the discretion of the district court.[5]

### III.    Analysis

Defendant cites one case in which the district court granted a defendant's motion to strike details of the extent of a crime as surplusage, *United States v. Zabawa*.[6]   In that  case, the district court struck a paragraph from the indictment which alleged that the telemarketing scheme which defendant participated in had some 6,708 victims.

*Zabawa* has only limited application here.  First, the Tenth Circuit did not endorse the motion to strike, holding only that the district court did not abuse its discretion.   More importantly, the Tenth Circuit noted that "the government now argues" the total number of victims "illustrates the size and scope of the fraudulent schemes," but before the district court "it did not object or otherwise respond to the motion to strike."[7]   Further, the district court had not purged the indictment of all reference to the number of victims, only the grand total of 6,708.  As "[t]he government identified thirty victims in the indictment" in the charges specifically against

---

[3] *United States v. Butler*, 2011 WL 322676, at *1 (D. Kan. 2011) (citation omitted).

[4] *See United States v. Franklin-El*, 2007 WL 594724, at *6 (D. Kan. 2007).

[5] *United States v. Figueroa*, 900 F.2d 1211, 1218 (8th Cir.), *cert. denied*, 496 U.S. 942 (1990).

[6] 39 F.3d 279 (10th Cir. 1994).

[7] *Id.* at 285.

the defendant, the Tenth Circuit concluded that it "establish all of the elements of the charged crimes without proving the scheme had 6,708 victims."[8]

Here the Indictment alleges that Settle knowingly filed a false statement regarding the existence of an RMP, and the Government argues in response to the Defendant's motion that the evidence relating to the fire and its cause may illuminate her knowledge of conditions at the Airosol plant.  However, Defendant has offered to stipulate that the Airosol plant did not in fact have an RMP in place, or at least, "[w]e're going to admit that.  That's not going to be a dispute at trial at all."

As the Court noted during the hearing on Defendant's motion, Paragraph 3 merely presents factual and historical information as to the fire.  It thus helps the jury to understand why OSHA and the EPA turned their attention to the Airosol facility.  Evidence of how the investigation unfolded is part of the *res gestae*, as "part and parcel of the proof of the offense [] charged" and is potentially relevant evidence.[9]  Paragraph 4, in context, is accusatory in nature.  By attributing the fire to a particular cause, it has the effect of laying the blame for the fire on Defendant.

The Indictment charges Defendant with making a false statement in early October.  She is not charged with causing the fire in late November.  The Court grants the motion to strike, but only as to Paragraph 4 of the Indictment.

---

[8] *Id*.

[9] *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) (citation omitted)..

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Surplusage (Doc.

32) is granted as to Paragraph 4 of the Indictment, and otherwise denied.

**IT IS SO ORDERED**.

Dated this 15th day of April, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE